(15 App. Div. 224.)

## HICKEY v. HARTFORD FIRE INS. CO.

(Supreme Court, Appellate Division, Third Department. March 3, 1897.)

INSURANCE—CANCELLATION OF POLICY—EVIDENCE.

Plaintiff owned two farms, the buildings on one being insured by defendant. He applied to defendant's agent for insurance on a new barn on the other farm. The agent, thinking the barn was on the same farm as the buildings already insured, wrote a new policy, covering the barn and the buildings on such farm, and canceled the old policy. On discovering the mistake, plaintiff returned the new policy to the agent; writing him that he wanted a separate policy for the barn, and the old policy left as before. The agent answered that plaintiff should return the old policy and he would send another, and afterwards made an entry canceling the new policy, but did not return the premium or notify plaintiff. The barn was destroyed by fire a few days later. *Held*, that a finding that the new policy was returned, not for cancellation, but to be exchanged for another, was supported by the facts, and therefore the policy was in force until the exchange was made.

Appeal from trial term, Tioga county.

Action by Michael Hickey against the Hartford Fire Insurance Company to recover on a policy of insurance on plaintiff's barn and

contents. From a judgment entered on a verdict in favor of plain-tiff, and from an order denying a motion for a new trial, made on the minutes, defendant appeals. Affirmed.

For opinion on a former appeal, see 36 N. Y. Supp. 329.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

Horace McGuire, for appellant.
Martin S. Lynch, for respondent.

LANDON, J. We think the evidence fully sustains the verdict. The defendant had, by its policy of August 12, 1893, insured the barn in question, which stood upon the plaintiff's home farm. The single question which the court submitted to the jury was whether the policy had been canceled, and no request was made to submit the question whether the barn destroyed was the one covered by the policy. The plaintiff was the owner of two farms,—one his home farm, and the other the Knapp farm, about a mile away. His build-ings upon the Knapp farm were insured by the defendant at the Owego agency, Mr. Hoskins being defendant's agent there; but his buildings upon his home farm were insured by another company, at the Montrose agency. In August, 1893, the plaintiff, having erected a new barn upon his home place, desired to have it insured. Not recollecting at the time that his home buildings were insured in the Montrose agency, he called upon Mr. Hoskins, at defendant's Owego agency, and, describing his new barn, asked to have it insured. Mr. Hoskins had in mind the policy he had issued upon the buildings upon the Knapp farm, and understanding that the new barn was upon an adjoining farm, and not wishing to insure a barn unless he also insured the other farm buildings with it, proposed that the old policy be surrendered, and a new one issued, covering all the build-ings. The plaintiff consented, and Mr. Hoskins wrote the new pol-icy; intending it to cover the buildings upon the Knapp farm, and the new barn. The plaintiff paid Mr. Hoskins the premium upon the new policy, less the rebate upon the old one, and took the new policy home, promising to send Mr. Hoskins the old policy. Mr. Hoskins made an entry upon his books canceling the old policy. Upon arriving home, and looking at the old policy and the Montrose policy upon his home buildings, the plaintiff thought his insurance was so mixed that it was not clear what he had. He thereupon sent his new policy by mail to Mr. Hoskins; writing him that there was a mis-take, and that he wanted a separate policy for the new barn, and to leave the old policy as it was before. He did not then send the old policy to Mr. Hoskins. Mr. Hoskins answered the plaintiff, by letter: "Send me in the old policy, and I will send you out a new one." The plaintiff called at the Owego agency a few days later, having the old policy with him, but Mr. Hoskins was absent; and the plaintiff, at the suggestion of a clerk or helper in the office, who also advised him to wait until Mr. Hoskins should return, retained the old policy. Upon Mr. Hoskins' return home he made entries, which, if plaintiff had surrendered it unconditionally, canceled the policy sued upon.

He did not return to the plaintiff the premium paid by him, nor notify him that he had canceled the policy. The fire occurred a few days later.

Upon these facts, we think the jury were justified in finding that the plaintiff did not send the new policy of August 12, 1893, to Mr. Hoskins to be canceled, except upon the condition that he issue a separate policy upon the new barn, and reinstate the old policy upon the Knapp farm buildings; and as Mr. Hoskins did not comply with this condition, and the parties did not agree upon any other, the policy of August 12th remained in force at the time of the fire.

The defendant urges some exceptions to the admission of evidence touching remarks of Mr. Hoskins after the fire. The decisive question in the case was whether the plaintiff surrendered the new policy unconditionally. That depended upon the letter which he sent to Mr. Hoskins with the new policy, and not upon any remarks of Hoskins after the fire. It is not claimed that any other terms were ever made. The remarks objected to, whether in or out of the case, could not affect the result.

Judgment and order affirmed, with costs.. All concur.